HONORABLE BENJAMIN H. SETTLE

Josephine C. Townsend
Attorney At Law
205 E. 11th Street Suite LL8
Vancouver WA 98660
jctownsend@aol.com

## UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON

JOHN STEPHEN KING and
KARIN PEARSON-KING

Plaintiffs,

v.

Sheriff GARY LUCAS, Individually and as employee, agent and/or Sheriff for Clark County; Deputy ANTHONY SPAINHOWER, Individually and as employee, agent and/or police officer for Clark County; Sergeant MICHAEL E. COOKE, Individually and as employee, agent and/or police officer for Clark County; ARTHUR CURTIS, Individually and as employee, agent and/or Prosecutor for Clark County; DUSTIN RICHARDSON, Individually and as employee, agent and/or Prosecutor for Clark County; KIM FARR, Individually and as employee, agent and/or Prosecutor for Clark County; CLARK COUNTY; a political subdivision of the State of Washington; Francine M. Reis individually and as Director of CLARK COUNTY DEPARTMENT OF HUMAN RESOURCES; BEVERLY COLLINS, INDIVIDUALLY and as an employee of Clark County and the YWCA Clark County as well as MOTHER OF L.C., JEFFREY COLLINS, individually AS FATHER OF L.C., L.C. (A MINOR), YWCA Clark County,  JOHN DOE, JANE DOE AS AGENTS OF CLARK COUNTY, and/or THE YWCA CLARK COUNTY.

Defendants.

NO. C09-5751 BHS

AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF
42 USC §1981, 1983, 1985, 1986 & 1988
STATE LAW CLAIMS

[JURY TRIAL DEMANDED]

COMPLAINT - 1

INTRODUCTION

This is an action at law for declaratory relief and money damages to redress the deprivation by defendants, acting under color of statute, ordinance, regulation, custom and/or usage, of a right, privilege or immunity secured to plaintiffs John Stephen King and Karin Pearson-King by the First, Fourth and Fourteenth Amendments to the Constitution of the United States of America with intent to deny plaintiff John Stephen King of his civil rights, all of which arise under State and Federal Law, particularly Title 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988, and the Constitution, laws and statutes of the United States and the State of Washington.

Plaintiffs John Stephen King and Karin Pearson-King, by and through their attorneys Josephine C. Townsend and Peter Fels, as and for a complaint against defendants, state and allege the following:

## I.  PARTIES

1.1.1 John Stephen King was and is, at all times material hereto, an employee of Clark County, a resident of Clark County, Washington and the spouse of Karin Pearson-King.

1.1.2:  Karin Pearson-King was and is, at all times material hereto, a resident of Clark County, Washington and the spouse of John Stephen King.

1.2.1    Defendants Clark County, Washington is a municipal corporation and at all times the employer of Arthur Curtis as the Prosecuting Attorney; Dustin Richardson and Kim Farr  as Deputy Prosecuting Attorneys; Gary Lucas as the Sheriff; Michael E. Cooke and Anthony Spainhower as Clark County Deputy Patrolmen; Beverly Collins as an advocate for the Child

COMPLAINT - 2

Advocacy Center;  Francine M. Reis as the Director of Human Resources for Clark County;

Defendant Clark County contributed to the salary of Beverly Collins and Jane and John Doe as

representatives of  Clark County.

1.2.2 Defendant YWCA Clark County is a Not For Profit Corporation organized under the laws

of the State of Washington, located in Clark County, and was the employer of Defendant Beverly

Collins while she was assigned to the Clark County Child Advocacy Center as a victims'

advocate.

1.2.3 At all times material, Defendant Beverly Collins acted in her official capacity as an agent

of Clark County; as an employee and agent of the Clark County YWCA; and in her individual

capacity as the mother for minor child L.C..  Collins is being sued individually and in her official

capacities.

1.2.4 Defendant Jeffrey Collins is the spouse of Beverly Collins and father of minor child L.C..

1.2.5 Defendant Arthur Curtis, was at all times material hereto, the Prosecutor of the Clark

County Prosecuting attorney's office. Curtis supervised criminal prosecution matters for the

Clark County Prosecuting attorney's office and was a policy maker for the Clark County

Prosecutor's Office.  Curtis is being sued individually and in his official capacity.

1.2.6. Defendant Kim Farr, was at all times material hereto, the supervising attorney for the

Child Advocacy Center, a department of the Clark County Prosecuting Attorney's office and

supervised the criminal prosecution matters of that department and was a policy maker for the

Clark County Prosecutor's Office and Child Advocacy Center.  Farr is being sued individually

and in his official capacity. Farr signed the criminal felony information as the complaining

witness against John Stephen King.

COMPLAINT - 3

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1.2.7 Defendant Dustin Richardson, was at all times material hereto, the Deputy Prosecuting Attorney responsible for the oversight of Clark County's criminal prosecution of John Stephen King. Dustin Richardson is being sued individually and in his official capacity.

1.2.8. Defendant Gary Lucas, was at all times material hereto, the Sheriff of Clark County, responsible for all criminal and internal investigations conducted by the Sheriff's office.  Gary Lucas is being sued individually and in his official capacity.  Gary Lucas is a policy maker for the Clark County Sheriff's Department.

1.2.9 Defendant Michael E. Cooke, was at all times material hereto, the Clark County Sheriff's Department Supervisor responsible for the oversight of the criminal investigation of John Stephen King.  Cooke is being sued individually and in his official capacity. Michael E. Cooke is a policy maker for the Clark County Sheriff's Department.

1.2.10. Defendant Anthony Spainhower was, at all times material hereto, a Deputy Sheriff of the Clark County Sheriff's Department and responsible for the criminal investigation of John Stephen King.   Spainhower is being sued individually and in his official capacity.

1.2.11. Defendants John and Jane Doe, were at times material hereto, Employees of Clark County and/or the YWCA Clark County and had decision making authority for their respective agencies.

1.2.12. Defendant Clark County (hereinafter "County") is a municipal corporation and governmental subdivision of the State of Washington located in the County of Clark.

1.2.13  Defendants Gary Lucas, Michael E. Cooke, and Anthony Spainhower

 are now, and at all times material hereto, were, duly appointed by and employed by and acting in their official capacity as employees and police officers of the County, and upon information

COMPLAINT - 4

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

and belief, residents of the County of Clark, State of Washington. Each of these defendants is being sued both in his individual and official capacities.

1.2.14 Defendants Arthur Curtis, Kim Farr and Dustin Richardson,  are now, and at all times material hereto, were, duly appointed and employed by and acting as employees of Clark County, and upon information and belief, residents of the County of Clark, State of Washington.

1.2.15  Defendant Francine M. Reis is now and at all times material thereto, duly appointed by, employed by, and acting as an employee of Clark County, and upon information and belief, a resident of Clark County, State of Washington. Reis is being sued in her individual and official capacity.

1.2.16 Each and all of the acts of the individual defendants alleged herein were done by the individual defendants, under color of law, to wit, under the color and pretense of statutes, ordinances, regulations, customs, policies and usages of the State of Washington and the County of Clark.

1.2.17 At all times herein relevant, the individual defendants were acting within the scope of their employment.

1.2.18 At all times relevant, the YWCA Clark County and the Child Advocacy Center, its agents officers and employees, including Beverly Collins in her individual capacity and while she was employed as a victim advocate and performing her job functions at the child advocacy center, acted jointly and in concert with  the other Defendants Gary Lucas, Anthony Spainhower, Michael E. Cooke, Arthur Curtis, Dustin Richardson and Kim Farr to pursue the investigation and prosecution of persons alleged to have committed crimes and offenses of a sexual nature which resulted in charges brought against Plaintiff John Stephen King.

COMPLAINT - 5

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1.2.19.  A close relationship existed between the Clark County YWCA, its employees (including Beverly Collins) and the other Defendants for the purpose of performing the public function of investigating sex based crimes , prosecuting alleged offenders and providing victim advocate services to victims.  These defendants jointly participated in the activities heretofore described. Beverly Collins acted within the scope of her employment as a victim advocate at the CAC on behalf of her son, L.C.

1.2.20. At all times relevant, the actions of Arthur Curtis, Kim Farr, Dustin Richardson and YWCA Clark County, and its employees (including Beverly Collins) were intertwined for the purpose of performing the public function of investigating sex based crimes,  prosecuting alleged offenders, and advocating for victims of these crimes.  As a result, a close and joint nexus existed between Arthur Curtis, Kim Farr, Dustin Richardson and YWCA Clark County, and its employees (including Beverly Collins).  Defendant Beverly Collins when acting as a victims' advocate on behalf of her son L.C. during the investigation and prosecution of Mr. King acted as an agent of Clark County.

1.2.21 Defendant L.C., a Minor, is the son of Beverly and Jeffrey Collins and is a resident of Clark County.

1.2.22 Defendant Beverly Collins is employed by YWCA Clark County as a victim advocate. Her duties include providing advocate services to victims of alleged sexual crimes at the Child Advocacy Center. In this capacity Beverly Collins failed to recuse herself from the investigation which involved L.C., her son, actively involved herself in the investigation, and influenced the prosecutor's decision to both prosecute and continue the prosecution of the Plaintiff John Stephen King.

COMPLAINT - 6

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1.2.23   At all material times, YWCA Clark County supervised its employees who were victim advocates for the Child Advocacy Center and in conjunction with the Clark County Prosecuting Attorney and Sheriff's Department, was responsible for providing and managing victim advocate services. At no time did YWCA Clark County direct, instruct, or actively supervise Beverly Collins so as to ensure she did not represent her son as an advocate in the criminal case where he was the alleged victim.

1.2.24   At no time did YWCA Clark County or Beverly Collins ask, request or direct another victim advocate to represent Beverly Collins' son in the investigation and prosecution, of John Stephen King.

1.2.25  As a victim advocate for YWCA Clark County, assigned to the Child Advocacy Center, Beverly Collins' duties included: serving as a liaison between victims and Prosecution and Court staffs, accompanying victims to court proceedings and informing victims about their constitutional and statutory mandated victim's rights, assessing victim need,acting as a resource for community service referrals and participating in the exchange of information with prosecutors by completing case documentation in both Victim Services and Prosecution files using both a paper-based and computer automated case management system.

## II. JURISDICTION AND VENUE

2.1 Defendants are individuals and/or political subdivisions of the state of Washington. All of the unlawful acts and practices occurred in Clark County, Washington.  Subject matter jurisdiction, personal jurisdiction, and venue are properly before this Court.

2.2 The unlawful acts and constitutional violations hereinafter alleged were and are being committed within the jurisdiction of the Clark County Superior Court.

COMPLAINT - 7

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

2.3. This action arises under common law, Washington State law, Washington State Constitution, the United States Constitution, particularly under the provisions of the First, Fourth and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly Title 42 of the United States Code, §§ 1981, 1983, 1985, 1986 and 1988.

2.4 This Court has jurisdiction of this case under and by virtue of Title 28 of the United States Code, §§1331, 1342(4) and 1343.

### III. JURY TRIAL

3.1 Plaintiffs hereby assert their rights to present this matter for trial by jury.

### IV. STATUS OF PLAINTIFF JOHN STEPHEN KING

4.1     John Stephen King is employed by Defendant Clark County as that term is defined by RCW 49.60.040.

### V. COMPLIANCE WITH RCW 4.96

5.1 On June 6, 2009, copies of Plaintiffs' Tort Claim notices were delivered to Clark County, and to YWCA Clark County.

5.2 On July 27, 2009 Copies of Plaintiffs' revised/amended Tort Claim notices were delivered to Clark County and to YWCA Clark County.

### VI. FACTS

6.1 On or about April 8, 2009, while walking home from the bus stop, L.C. saw his mother driving home. L.C. frantically waved to his mother, Beverly Collins, to get her attention. Beverly Collins saw that Luke was close to home, motioned for him to just walk the rest of the way and kept on driving.  The person in the car near Beverly Collins, also seeing the frantic waving,

COMPLAINT - 8

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

stopped, turned around and asked L.C. if he needed help. L.C. said no, and ran home, telling his mother that the man in the car had spoken to him.

6.2 On or about April 8, 2009, Beverly Collins, not realizing that the man had stopped to offer help to Luke, assumed the worst.  Beverly Collins told Luke about "stranger danger".

6.3 On April 16, 2009, L.C.  falsely alleged that a white male, about 40 years old, with dirty brown hair and a blonde beard driving a mid-80's champagne colored Honda, stopped him when he got off the bus and told him that his mother, Beverly Collins, was in the hospital and said to – "get in the car".  He alleged that the man was the same man who approached him on April 8, 2009.

6.4 On or about April 16, 2009, Beverly Collins called the police and gave the description to emergency dispatch alleging that at approximately 3:10 p.m. a white male, about 40, with dirty brown hair and blond beard attempted to get her son into his car.

6.5 Beverly Collins described the car as a mid 80's Honda that is champagne colored.   No plate number was observed.  Beverly Collins' call was recorded on E-911 recordings.

6.6 The same day, Anthony Spainhower from the Clark County Sheriff's Department went to the Collins home to speak with L.C. and Beverly Collins but no one was home.

6.7  On April 16, 2009, at 3:10 p.m., Clark County Mental Health Coordinator, Stephen King, age 61, and completely gray haired, was sitting at his desk on Fourth Plain Avenue speaking to the mother of one of his clients of the Clark County Mental Health Court.

6.8  Mr. King is the Clark County District Court Mental Health Coordinator.

COMPLAINT - 9

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

6.9  On or about April 17, 2009, Beverly Collins left work early from the Child Advocacy Center where she was employed as a victim advocate and drove Luke around the neighborhood looking for a similar car.

6.10   Plaintiff John Stephen Kingwas not working that day and so he and his wife,  Karin Pearson-King, who have lived in the neighborhood for nineteen years and live about a block from Beverly Collins and L.C., drove to the OMSI museum.

6.11 Plaintiff John Stephen King, age 61, was completely gray haired and had a gray beard.  He owned a 1997 gold Ford Escort.

6.12 Despite nothing about Plaintiff John Stephen King's appearance matching the description given by L.C., On April 17, 2009 Beverly Collins followed and photographed Plaintiff John Stephen King and his vehicle.

6.13  On or about April 24, 2009 when Beverly Collins was finally interviewed by a representative of the Clark County Sheriff's Office, Beverly Collins falsely told police that Plaintiff John Stephen King was the man that accosted or attempted to lure her son.

6.14  Deputy Spainhower went  to John Stephen King's house where Mr. King cooperated with Deputy Spainhower's investigation.   Mr. King told Deputy Spainhower that he had an alibi as he was working on April 16, 2009 and that he worked for the same county employer as did Deputy Spainhower.

6.16 John Stephen King requested that  Deputy Spainhower check Plaintiff's work location, his schedule, his e-mail and whatever the Deputy needed to check to verify his alibi.

6.17 Deputy Spainhower took photographs of Mr. King and King's vehicle with Mr. King's permission.

COMPLAINT - 10

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

6.18 Deputy Spainhower took the photograph back to Beverly Collins who falsely identified Plaintiff John Stephen Kingas the man who lured her son by comparing it to the cell phone photograph she took of Mr. King on the day following her son's complaint. Deputy Spainhower then contacted Plaintiff John Stephen Kingat his office and falsely stated that instead of showing his photograph to the victim, he wanted Mr. King to submit to a polygraph instead.

6.19 Deputies Spainhower and Cooke did not check the E-911 recording nor did they investigate Plaintiff John Stephen King's alibis.

6.20 Deputy Spainhower wrote a report recommending that John Stephen Kingbe charged with the felony of luring.

6.21 Deputy Cooke approved the report and failed to direct any further investigation be conducted.

6.22 Beverly Collins is employed at the Child Advocacy Center as a victim's advocate for YWCA Clark County.

6.23 Dustin Richardson received the report from Deputies Spainhower and Cooke and knew that Beverly Collins was an advocate at the center where he worked. Richardson met with Collins while she was working at the Child Advocacy Center as a victim advocate and they agreed to charge John Stephen King with felony crimes.

6.24  Kim Farr signed the felony charging document as the complaining witness charging Plaintiff John Stephen Kingwith two counts of luring, both felonies and arranged to send Mr. King a felony criminal summons in the mail.

6.25  Arthur Curtis, Kim Farr and Dustin Richardson did not declare a conflict on this case.  At no time did Arthur Curtis, Kim Farr or Dustin Richardson request a special prosecutor.  They did

COMPLAINT - 11

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

not request any further investigation into the alleged incidents nor did they investigate Mr. King's alibis before initiating the prosecution of John Stephen King. Beverly Collins did not declare a conflict on this case. She worked in her official capacity for the CAC as the victim's advocate on behalf of her son and pursued charges against John Stephen Kingin her official capacity as a victim advocate for her son L.C.

6.26 John Stephen King's name was entered into the court system as a defendant on May 21, 2009, and his charges became public record.

6.27 On or about May 26, 2009, the E-911 recording was provided to Dustin Richardson by Mr. King's attorney. Dustin Richardson admitted he had never reviewed the tape prior to charging Mr. King with the felony luring charges.

6.28 The E-911 recording gave a description that did not match Mr. King.

6.29  On or about May 27, 2009, the attorney for Mr. King obtained all E-mails sent from Mr. King's office on Fourth Plain Avenue at the VA Center, for the dates the crimes were alleged to have occurred. These E-mails demonstrated that Plaintiff John Stephen King was at his desk on Fourth Plain Avenue at the time the luring events were alleged to have occurred.

6.30   On that date, Mr. King's attorney provided the E-mails to Dustin Richardson and requested that the charges against Mr. King be dismissed.

6.31  On or about May 27, 2009, Mr. King's attorney also provided prosecutors with an affidavit by Mr. King's work supervisor which verified Mr. King's work schedule, that Mr. King did not have access to any remote capability on his computer, and that to send or receive E-mails, Mr. King had to be sitting at his county-owned desk and computer.   Mr. King's printed E-mails

COMPLAINT - 12

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

verified that he sent E-mails throughout the afternoon during the time the alleged luring was alleged to have occurred.

6.32 On or about May 27, 2009, Mr. King's attorney provided phone records to prosecutors which proved that at the exact time of the alleged event, Mr. King was on the phone speaking long distance to the mother of one of his mental health court clients.

6.33  The records provided to the prosecutor showed that Mr. King's phone call lasted for 12.7 minutes on the 16th of April, starting at 3:01 p.m. and ending at 3:13 p.m. and that  Mr. King also sent an e-mail from his desk at 3:17 p.m.

6.34 Despite being provided with evidence that Mr. King could not have been the alleged perpetrator, Prosecutors Arthur Curtis, Kim Farr, Dustin Richardson and Victim Advocate Beverly Collins  refused to dismiss  the case, or conduct any further investigation of Mr. King's alibis. Dustin Richardson agreed to set over the first appearance for one week, for Mr. King to continue to gather evidence of his own innocence.

6.35  During the course of several days after May 27, 2009, Mr. King's attorney presented the above alibi information to Defendants Arthur Curtis, Kim Farr, Beverly Collins and Dustin Richardson, with a request to dismiss the case; they continued to refuse to dismiss the charges and continued the prosecution of Mr. King.  Dustin Richardson stated that he had spoken with victim advocate Beverly Collins at the Child Advocacy Center and that the victim advocate (Beverly Collins) was convinced that Mr. King was the perpetrator. Based on her insistence of Mr. King's guilt, Dustin Richardson would not dismiss the charges.

COMPLAINT - 13

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

6.36 Dustin Richardson also stated that the victim advocate, Beverly Collins insisted that Mr. King take a polygraph and he agreed Mr. King should do so before he would consider dismissing the charges.

6.37 Dustin Richardson stated that Beverly Collins, insisted prosecutors had the right suspect. Working in concert with Beverly Collins and relying on her opinion of Mr. King's guilt, Arthur Curtis, Kim Farr and Dustin Richardson continued the prosecution of Mr. King.

6.38 Mr. King submitted to a polygraph on May 28, 2009 at the Vancouver Police East Precinct.

6.39 Plaintiff John Stephen King passed the polygraph and the results were delivered to the Prosecutor's office on the same day.

6.40  Mr. King's attorney made another request for dismissal to the prosecutor's office on May 28, 2009. Dustin Richardson stated he lacked individual authority to dismiss the charges and needed permission of the prosecutor Arthur Curtis.

6.41 Plaintiff John Stephen King was placed on leave without pay from Clark County. Mr. King was never given a *Loudermill* hearing prior to being placed on unpaid leave by the County in violation of the County's Human Resource Policy 14.2(3) and case law.

6.42 On June 2, 2009, the day of Mr. King's first appearance, Arthur Curtis, Kim Farr and Dustin Richardson agreed to dismiss the charges, but only without prejudice.

6.43 The Defendants Arthur Curtis, Kim Farr, and Dustin Richardson refused to acknowledge Plaintiff John Stephen King's innocence and as a matter of policy issued a dismissal without prejudice. The stigma left uncertainty for Plaintiff John Stephen Kingtarnishing his career and reputation.

6.44 On June 3, 2009, the complaining witness L.C. made another call to E-911.

COMPLAINT - 14

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

6.45  This time, the responding  Sheriff's Deputy determined that L.C. had lied about the report of luring on April 16, 2009 and lied about the new report on June 3, 2009.

6.46   Arthur Curtis, Kim Farr, Dustin Richardson, Beverly Collins, and L.C. falsely accused John Stephen King of crimes which did not occur, and continued the prosecution of Mr. King when there was no probable cause to continue such prosecution. In providing information and participating in the prosecution of the case against the Plaintiff,  Beverly Collins acted both in the scope of her employment as a victim advocate assigned to the Child Advocacy Center and in her personal capacity as L.C.'s mother.

6.47 Defendants falsely wrote and stated defamatory statements regarding Mr. King which left false impressions regarding his reputation.

6.48 On June 26, 2009, upon motion and hearing by Mr. King's attorney, the case was dismissed with prejudice and the case records sealed.

6.49 On the 6th day of June and on the 27th  day of July, 2009, in accordance with Washington State RCW 4.96.020, plaintiffs caused a Notice of Claim to be served upon the County of Clark.

6.50.  Defendants Clark County and YWCA Clark County failed to properly train and supervise their employees which led to the unlawful actions taken against John Stephen King.

VII. FIRST CAUSE OF ACTION

(Denial of Civil Rights Pursuant to 42 U.S.C. § 1983)

7.1 Plaintiff John Stephen King repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "6" of this complaint  inclusive with the same force and effect as if hereinafter set forth in full.

COMPLAINT - 15

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

7.2 As the result of the aforesaid, John Stephen King was subjected to the deprivation of rights, privileges and/or immunities secured by the United States Constitution and laws of this State and the United States and has been damaged thereby. Mr. King's rights, privileges and immunities deprived by defendants include, but are not limited to:

      (a) Right to due process of law;

      (b) Right to freedom from unlawful search and seizure;

      (c) Right to equal protection under the laws;

      (d) Right to freedom from false arrest;

      (e) Right to freedom from unlawful imprisonment; and

      (f) Right to freedom from malicious abuse of process.

7.3 That as a proximate cause of the Defendants actions and deliberate indifference thereof, John Stephen King suffered damages including, but not limited to, loss of earning capacity, mental suffering, embarrassment, humiliation and fear, and to incur expenses, legal fees and costs.

## VIII. SECOND CAUSE OF ACTION

(Unconstitutional Custom, Practice or Policy - Municipal Liability under Monell)

8.1 Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation in paragraphs of the complaint designated "1" through "7", inclusive with the same force and effect as if hereinafter set forth in full.

8.2 Upon information and belief, Clark County and its policy makers, condoned, permitted, encouraged and/or ratified a departmental policy, practice and/or custom to permit police officers and prosecutors employed by Clark County to act with deliberate indifference, unlawfully arrest

COMPLAINT - 16

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

and detain citizens without probable cause, and unlawfully commence and maintain criminal prosecutions against citizens.

8.3    Defendants have a policy, practice or custom to routinely fail to investigate and act upon assertions of alibis by citizens charged by the Clark County Sheriff's Department and Clark County Prosecutor's office thereby promoting the practice of filing false charges, commencing and maintaining criminal prosecutions against citizens without probable cause.

8.4 Clark County, Francine Reis, Arthur Curtis, Kim Farr, Dustin Richardson, Sheriff Gary Lucas, Sergeant Michael Cooke and YWCA Clark County have a policy, practice or custom to ratify or tacitly authorize the unconstitutional actions of the employees of YWCA Clark County, The Clark County Sheriff's Department and Prosecuting Attorney's Office.

 8.5 As a result of the Defendants' actions as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

## IX. THIRD CAUSE OF ACTION

### (Failure to Train -Municipal Liability under Monell)

9.1 Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "8", inclusive with the same force and effect as if hereinafter set forth in full.

9.2 Upon information and belief, YWCA Clark County, Arthur Curtis, Kim Farr, Dustin Richardson, Francine Reis, Sheriff Gary Lucas and Sergeant Michael E. Cooke, are responsible for establishing, instituting and enforcing the policies, ordinances, regulations, customs and

COMPLAINT - 17

practices of  Clark County and YWCA Clark County insofar as relates to their individual departments.

9.3 The actions of the individual defendants named in paragraph 9.2 resulted in the deprivation of Constitutional Rights of the Plaintiff and other citizens including but not limited to:

(a) arresting citizens without probable cause to believe that a crime had been committed or that the citizens being arrested had committed any crime;

(b) failing to investigate whether a crime had been committed before arresting and detaining citizens; including failing to investigate exculpatory evidence;

(c) using their positions as police officers to intimidate and threaten citizens and using their power to commence criminal actions against citizens in order to attain personal goals and objectives;

(d) failing to intervene in the unconstitutional acts of co-employees and subordinates

(e) failing to train employees, co-workers and subordinates in the proper techniques for taking official action such as arrest, prosecution and/or suspension of persons and employees;

(f) violating established  due process and property rights, unlawfully placing employees on leave without pay, without advising them of their statutory rights, or providing due process prior to placing them on such leave;

(g) allowing employees to provide victim advocate services for family members which allowed them to improperly influence the investigation and prosecution of alleged suspects.

COMPLAINT - 18

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(h) allowing victim advocates of the CAC to influence charging decisions of the prosecutor's office.

9.4 The above named defendants acted with deliberate indifference to the rights of the citizens to whom its employees were known to come into contact by failing to properly train their employees to avoid improper actions which would likely cause constitutional deprivations.

9.5 The above named defendants acted with deliberate indifference to the constitutional rights of plaintiff John Stephen King by maintaining a policy, practice or custom allowing unconstitutional acts and by failing to train their employees with regard to proper and lawful procedures in declaring conflicts of interests, corroborating child witness complaints, making inquiries and arrests of citizens, commencing and maintaining criminal prosecutions against citizens, allowing victim advocates to provide services to family members, terminating or suspending employees, knowing or having reason to know that the policy, practice or custom and the failure to properly train their employees as afore described would result in a deprivation of the constitutional rights of the citizenry.

9.6 The deliberate indifference of Defendants, by and through YWCA Clark County, Clark County Prosecutor, Sheriff's Department and Human Resource Offices in maintaining a policy, practice or custom allowing unconstitutional acts and of failing to train their personnel with regard to proper and lawful procedures in declaring a conflict of interest, making inquiries and arrests of citizens, commencing and maintaining criminal prosecutions against citizens, providing victim advocate services to family members, and inquiring of and arresting plaintiff John Stephen King; commencing and maintaining a criminal prosecution against the plaintiff, and commencing adverse employment action against Plaintiff, caused Plaintiff John Stephen

COMPLAINT - 19

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

King  to suffer constitutional deprivations and was the moving force behind such constitutional deprivations.

9.7   As a result of the Defendants' deliberate indifference as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

X. FOURTH CAUSE OF ACTION

(Failure to Supervise (Municipal Liability under Monell)

10.1  Plaintiffs John Stephen King and  Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated" 1" through "9", inclusive with the same force and effect as if hereinafter set forth in full.

10.2 Upon information and belief, the Clark County Prosecutor Arthur Curtis, Deputy Prosecutor Kim Farr, Sheriff Gary Lucas, Michael Cooke and the Francine Reis of the Human Resources Department, are the policymakers for Clark County responsible for instituting and enforcing the policies, ordinances, regulations, customs and practices of the Clark County Prosecutor's office, The Clark County Sheriff's Department and the office of Human Resources for Clark County. That YWCA Clark County,  by and through its President and its board members are the policy makers for YWCA Clark County responsible for instituting and enforcing the policies, ordinances, regulations, customs and practices of YWCA Clark County and that  That the actions of the defendants named above resulted in:

    (a) arresting citizens without probable cause that a crime had been committed or that the citizens being arrested had committed any crime;

COMPLAINT - 20

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

(b) failing to investigate whether a crime had been committed before arresting and detaining citizens;

(c) using their positions as police officers to intimidate and threaten citizens and using their power to commence criminal actions against citizens in order to attain personal goals and objectives;

(d) failing to intervene in the unconstitutional acts of co-employees and subordinates; and

(e) violating established  due process and property rights, unlawfully placing employees on leave without pay, without advising them of their statutory rights, or providing due process prior to placing them on such leave;

 (f) failing to terminate the criminal prosecution of John Stephen King upon learning facts showing a lack of probable cause to continue the prosecution.

(g) Failing to declare a conflict of interest in the handling of the investigation or prosecution of John Stephen King when they knew or should have known a co-worker was the complaining witness.

(h) using their position as a victim advocate for the CAC to pressure the prosecutor's office to charge and maintain false charges against John Stephen King.

10.3 Defendants Clark County, Prosecutor Arthur Curtis, Deputy Prosecutors Kim Farr and Dustin Richardson, Clark County Sheriff Gary Lucas, YWCA Clark County,  Francine Reis, Sergeant Michael Cooke and Deputy Anthony Spainhower acted with deliberate indifference to the rights of Mr. King and citizens to whom the employees were known to come into contact by failing to properly supervise or take remedial action against their  employees for a pattern of unconstitutional acts of said employees described in paragraph 10.2.

COMPLAINT - 21

10.4 The policy or custom of Clark County, Prosecutor Arthur Curtis, Deputy Prosecutors Kim Farr and Dustin Richardson, Clark County Sheriff Gary Lucas, YWCA Clark County, Human Resource Director Francine Reis, Victim Advocate Beverly Collins, Sergeant Michael Cooke and Deputy Anthony Spainhower which served to ratify or tacitly authorized the unconstitutional actions of the employees of the Defendants caused plaintiff John Stephen King to suffer constitutional deprivations and was the moving force behind plaintiff John Stephen King's constitutional deprivations.

10.5 As a result of the Defendants' deliberate indifference as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

## XI. FIFTH CAUSE OF ACTION

### (False Arrest)

11.1 Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "10", inclusive with the same force and effect as if hereinafter set forth in full.

11.2. John Stephen King was falsely and maliciously arrested or was caused to be arrested or detained by Beverly Collins, Clark County Prosecutor Arthur Curtis, Deputy Prosecutors Kim Farr and Dustin Richardson, Clark County Sheriff Gary Lucas, Sergeant Michael Cooke and Deputy Anthony Spainhower for two felony counts of luring without probable cause or legal right contrary to Washington common law.

11.3  Plaintiff John Stephen King was thereafter compelled to appear in court to answer and deny the false charges and to clear his name.

COMPLAINT - 22

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

11.4   Defendants Gary Lucas, Anthony Spainhower, Michael Cooke, L.C., Beverly Collins, Arthur Curtis, Kim Farr and Dustin Richardson conspired to commence a criminal action against Plaintiff John Stephen King charging him with crimes.   Beverly Collins, while acting in the scope of her employment as a victim advocate for her son, L.C., improperly influenced the investigation and prosecution of John Stephen King.

11.5  Plaintiff John Stephen King was so charged with  crimes and the charges were terminated in his favor.

11.6   On June 26, 2009, John Stephen King's criminal case was dismissed with prejudice and the criminal court file sealed.

11.7   As a direct and proximate result of intentional acts by all defendants,  the  Plaintiff John Stephen King civil rights guaranteed by the United States Constitution were violated.  Plaintiff John Stephen King was forced to endure mental abuse, to endure embarrassment, humiliation, fear and damage to his reputation, and to incur expenses and legal fees, and to lose income.

11.8 That as a proximate cause of said false arrest and detention, John Stephen King suffered and experienced the substantial damages described above.

11.9 As a result of the Defendants' actions as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

XII.  SIXTH CAUSE OF ACTION

(Defamation)

COMPLAINT - 23

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

12.1 Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "11", inclusive with the same force and effect as if hereinafter set forth in full.

12.2   Defendants L.C., Beverly Collins, Gary Lucas, Anthony Spainhower, Michael Cooke, Arthur Curtis, Kim Farr, Dustin Richardson, and YWCA Clark County defamed Mr. King by stating and writing false statements about him, alleging he had committed felony crimes and publishing or assisting in the publication of this  false information in the public record knowing that Mr. King would be scorned by this disclosure.

12.3 These statements and publications regarding the false accusations of Mr. King resulted in a false impression being disseminated regarding Mr. King which tarnished his reputation at work, at home and in the community.

12.4 As a result of the Defendants' actions as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

12.5 Beverly Collins, acting in her official capacity and within the scope of her employment, presented false information to the prosecutor's office as the victim advocate for her son, L.C. which contributed to Mr. King's damages.

## XII. SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

13.1  Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "12", inclusive with the same force and effect as if hereinafter set forth in full.

COMPLAINT - 24

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

13.2 The conduct of the Defendants L.C., Jeffrey Collins, Beverly Collins, Anthony Spainhower, YWCA Clark County, Francine M. Reis,  Michael Cooke, Arthur Curtis, Kim Farr and Dustin Richardson caused the Plaintiff John Stephen King to suffer extreme emotional distress.

13.3   The acts of Defendants L.C., Jeffrey Collins, Beverly Collins, Gary Lucas, Anthony Spainhower, YWCA Clark County, Francine M. Reis,  Michael Cooke, Arthur Curtis, Kim Farr and Dustin Richardson were so extreme in degree, as to go beyond all possible bounds of decency, and were atrocious, under the circumstances.

13.4 As a result of the Defendants actions as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

## XIV. EIGHTH  CAUSE OF ACTION

### (Malicious prosecution)

14.1  Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "13", inclusive with the same force and effect as if hereinafter set forth in full

14.2 Defendants L.C., Jeffrey Collins, Beverly Collins, Anthony Spainhower, YWCA Clark County,  Gary Lucas, Michael Cooke, Arthur Curtis, Kim Farr and Dustin Richardson subjected the Plaintiff John Stephen King to malicious prosecution through the intentional and/or reckless disregard of Plaintiff John Stephen King's statutory and constitutional rights.

14.3   Defendants L.C., Jeffrey Collins,  Beverly Collins, Anthony Spainhower, YWCA Clark County,  Gary Lucas, Michael Cooke, Arthur Curtis, Kim Farr and Dustin Richardson both

COMPLAINT - 25

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

commenced and  subsequently maintained a criminal prosecution against Plaintiff John Stephen King without lawful authority after John Stephen King proved his innocence through alibi.

14.4   Defendants L.C., Jeffrey Collins,  Beverly Collins, Anthony Spainhower, YWCA Clark County, Gary Lucas, Michael Cooke, Arthur Curtis, Kim Farr and Dustin Richardson maintained the criminal prosecution without lawful authority and with malice against Plaintiff John Stephen King in violation of his statutory and constitutional rights.

14.5  John Stephen King was arrested without excuse or justification, and upon information and belief, the Defendants did arrest John Stephen King with the intent to cause harm to John Stephen King in that the Defendants sought to arrest and commence a prosecution against John Stephen King without probable cause to do so, and without a reasonable belief that a crime had been committed. Beverly Collins, in her official capacity and in the scope of her employment as a victim advocate for her son L.C., provided information to the prosecutor's office and utilized her position to influence the decision to prosecute Mr. King and to continue the prosecution once his innocence had been established.

14.6 As a result of the Defendants' actions as described above, Plaintiffs suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

XVI. NINTH CAUSE OF ACTION

(Employment Law Claims)

15.1  Plaintiffs John Stephen King and Karin Pearson-King repeat, reiterate, and re-allege each and every allegation contained in paragraphs of this complaint designated "1" through "14", inclusive with the same force and effect as if hereinafter set forth in full

COMPLAINT - 26

15.2 Defendant Francine M. Reis and the Clark County Human Resource Department violated John Stephen Kingdue process rights afforded to him by *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985).

15.3  Without any written notice or advanced hearing of any kind,  Francine M. Reis, and the Clark County Human Resource Department placed Mr. King on unpaid leave on or about May 28, 2009, without reason or cause to do so and in violation of Clark County Policies and case law.

15.4 Plaintiff John Stephen King was denied advanced notice of the charges against him, any explanation of the employer's evidence, or an opportunity to present his side of the story before the adverse employment action was taken against him by Defendant Francine M. Reis and the Clark County Human Resource Department and was therefore denied due process of his property rights.

15.5 As a direct and proximate result of the wrongful conduct  Defendants as described above, Plaintiffs' suffered humiliation, emotional trauma, depression, loss of consortium, embarrassment, loss of enjoyment of life and incurred legal expenses and costs in an amount to be shown at trial.

## XVI. DEMAND FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief against all defendants jointly and severally:

1.  Appropriate declaratory relief, including a judgment that defendants' policies, practices and customs as described above herein are unconstitutional;

2.   Full compensatory damages in an amount to be determined;

COMPLAINT - 27

Josephine C. Townsend
205 E. 11th Street Suite LL8
Vancouver WA 98660
360-694-7601 ph • 360-694-7602
WSBA #31965

1      3.  Punitive and exemplary damages against the individual defendants in an amount to be

2          determined

3      4.  Attorney's fees and costs;

4      5.  Prejudgment interest; and

5      6.  Such other relief as the court deems just and proper.

6   Dated this December 30, 2009

7

8   By:                                          s/Josephine C. Townsend
                                                 Josephine C. Townsend,WSBA 31985
9                                                Attorney for Plaintiffs

10                                                s/Peter Fels
                                                 Peter Fels, WSBA 23708
11                                               211 E. 11th Street Suite 105
                                                 Vancouver WA 98660
12

13

14

15

16

17

18

19

20

21

22

23

COMPLAINT - 28                                   Josephine C. Townsend
                                                 205 E. 11th Street Suite LL8
                                                 Vancouver WA 98660
                                                 360-694-7601 ph • 360-694-7602
                                                 WSBA #31965